UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANIKA TAYLOR, next friend of D.T., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:16-CV-1622 (CEJ) ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Anika Taylor brings this action on behalf of her minor son, D.T., seeking judicial review of an adverse ruling by the Social Security Administration. Defendant moves to dismiss the complaint for lack of subject matter jurisdiction because plaintiff did not exhaust administrative remedies. Plaintiff has not filed a response in opposition and the time allowed for doing so has expired.

**I.   Background**

Plaintiff D.T. was found disabled beginning October 1, 2005, based on an application for supplemental security income pursuant to Title XVI, 42 U.S.C. §§ 1381 *et seq. Christina Prelle Declaration* ¶3(a) [Doc. # 13-1]. On April 14, 2015, the Social Security Administration sent plaintiff a "Notice of Disability Cessation," informing him that, after a review of recent medical records, it had been determined that he was no longer disabled and would receive his final benefit payment in June 2015. Ex. 2 [Doc. # 13-2]. Plaintiff timely filed a request for reconsideration. *Prelle Decl*. ¶3(b). On August 7, 2015, plaintiff was notified that his request for reconsideration was denied. Ex. 3 [Doc. # 13-3]. The notice stated that

if plaintiff disagreed with the decision he was required to make a written request for a hearing before an administrative law judge (ALJ) within 60 days of receiving the notice. Id. He was also informed that he "must have a good reason [for waiting] more than 60 days to ask for a hearing." Id.

On October 30, 2015, plaintiff filed an untimely request for hearing. See Doc. # 13-4. On December 24, 2015, the ALJ dismissed the request. *Order of Dismissal* [Doc. # 13-5]. According to the ALJ, plaintiff's mother explained that she missed the deadline to file because she never received the August 7, 2015 notice that reconsideration had been denied.[1] The ALJ rejected the explanation, noting that plaintiff's mother had "received correspondence from the District office and Disability Determination Services without any problems since she filed the claim on behalf of" her son. Furthermore, none of the correspondence mailed to plaintiff was returned as undeliverable. The ALJ concluded that there was no persuasive evidence that plaintiff did not receive the August 7, 2015 notice and found that plaintiff failed to establish good cause for missing the deadline to request a hearing. The ALJ dismissed the request for hearing, leaving in effect the August 7, 2015 denial of reconsideration. Id. Plaintiff requested review from the Appeals Council, which denied the request on August 6, 2016. [Doc. # 13-6]. Plaintiff filed this action on September 27, 2016.

**II.    Discussion**

Defendant argues that the case must be dismissed because plaintiff did not exhaust his administrative remedies when he failed to timely request a hearing

---

[1] The document in which this explanation was made is not included in the record submitted to the Court.

2

before the ALJ and has not established any basis for a waiver of the exhaustion requirement.

A federal district court's jurisdiction to review the Commissioner's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). "Under the statutory scheme . . ., the presence of a final decision is not only essential to determine when judicial intervention is proper but also to determine whether it is possible." Sheehan v. Sec'y of Health, Ed. & Welfare, 593 F.2d 323, 325 (8th Cir. 1979). The meaning of the term "final decision" "is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

The Commissioner has defined "final decision" as the completion of a four-step administrative review process. 20 C.F.R. § 416.1400(a)(5) ("When you have completed the steps of the administrative review process . . ., we will have made our final decision.) The four steps are (1) the initial determination "about . . . eligibility or . . . continuing eligibility for benefits or about any other matter . . . that gives you a right to further review;" (2) reconsideration of an initial determination; (3) hearing before an administrative law judge; and (4) review by the Appeals Council review. § 416.1400(a)(1)-(4). Only upon completion of this process can a dissatisfied claimant seek review by a federal court. § 416.1400(a)(5). The regulations specify that the claimant must request the next level of administrative review within 60 days of receiving notice of the denial of relief. See § 416.1409 (written request for reconsideration); § 416.1433 (request for hearing by ALJ); § 416.1468(a) (request for review by Appeals Council). A claimant who fails to file a

request for hearing before an ALJ on time may make a written request for an extension of time. § 416.1433(c). The request "must give the reasons why the request for a hearing was not filed within the stated time period. . . . If you show that you had good cause for missing the deadline, the time period will be extended." Under the regulations, a decision to deny a claimant's request for more time for seeking review is not "an initial determination" and thus is excluded from the administrative review process and not subject to judicial review. § 416.1403(8); see also § 416.1402 (defining "initial determinations" as those determinations "that are subject to administrative and judicial review").

Because plaintiff's request for a hearing was denied as untimely, plaintiff did not exhaust his administrative remedies and there is no final decision subject to review by this Court. See Records v. Astrue,, No. CIV.A. 09-5224, 2010 WL 749559, at *4 (W.D. Ark. Mar. 3, 2010) (ALJ's dismissal of plaintiff's hearing request is not a "final decision" subject to judicial review); Wild v. Astrue, No. CIV.07-1372(JNE/JSM), 2008 WL 698483, at *3 (D. Minn. Mar. 13, 2008) (because ALJ dismissed plaintiff's untimely request for a hearing, "[n]ot only was there no hearing," there was no final decision meriting judicial review under 405(g)); see also Cotton v. Colvin, No. 4:13CV2412 TCM, 2014 WL 2480372, at *3 (E.D. Mo. June 3, 2014) (decision by Appeals Council to deny request for review of a decision dismissing a request for a hearing is *not* subject to judicial review) (emphasis in original).

Despite a failure to exhaust administrative remedies, judicial review is available where the claimant raises constitutional questions. Lively v. Bowen, 827 F.2d 268, 269 (8th Cir. 1987) (citing Mathews v. Eldridge, 424 U.S. 319 (1976)).

Here, plaintiff is seeking an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits. He has not asserted any constitutional questions. See Cotton, 2014 WL 2480372, at *4 (finding "no constitutional claim alleged in the instant case. Rather, the evidence before the Court establishes that a request for a hearing was simply made too late."); Lyons v. Astrue, No. 2:12CV 1 LMB, 2013 WL 64648, at *3 (E.D. Mo. Jan. 4, 2013) (holding that there was no subject matter jurisdiction where plaintiff failed to file timely request for hearing and did not raise constitutional claims); Records, 2010 WL 749559, at *4 (finding no constitutional question presented in request for judicial review after ALJ denied untimely hearing request). Accordingly, the Court finds that it does not have subject matter jurisdiction over this matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction [Doc. # 13] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2017.